## TEXAS & N. O. R. CO. v. BARROW.

No. 4259.

Court of Civil Appeals of Texas. Texarkana.

Nov. 10, 1932.

Rehearing Denied Dec. 1, 1932.

E. A. Landman, of Athens, B. M. McMahan, of Greenville, and Baker, Botts, Andrews & Wharton, of Houston, for appellant.

Carpenter & Harris, of Greenville, for appellee.

SELLERS, J.

The appellee brought this suit to recover damages for an ejectment from one of appellant's trains at Groesbeck, Tex., by its conductor when appellee had a valid ticket entitling him to passage on such train to Ennis, Tex.

Briefly, the facts are that appellee, J. W. Barrow, purchased a round trip ticket from appellant's depot agent at Quinlan, in Hunt county, to Austin. on or about September 9, 1931, the ticket being good for thirty days. On September 11th the appellee left Austin on his return trip to Quinlan, and when he reached Bremond, a station on appellant's road, appellee left the train and went from Bremond to Marlin to see his brother who was sick. Appellee returned from Marlin to Bremond and boarded one of appellant's

trains about 2 o'clock in the morning of September 12th for Ennis where he would have to change trains for Quinlan. Soon after boarding the train at Bremond, the conductor called for appellee's ticket which appellee delivered to him. The conductor refused to accept the ticket on the ground, as testified to by appellee, that it was out of date and void. Appellee told the conductor the facts about the ticket, but he still refused to accept it, telling appellee that he would have to pay his fare or be put off the train. Appellee offered to give the conductor his watch or a check, but the conductor refused to accept either. Appellee also assured the conductor that, if he would carry him until daylight, he would wire and get the money to pay his fare. This request was also refused. Appellee found a dollar bill in his pocket, gave that to the conductor, and the conductor agreed to carry appellee to Groesbeck, a station on appellant's line of railroad, and told appellee he would have to get off there. According to instructions from the conductor, appellee did get off at Groesbeck shortly after 2 o'clock in the morning. Appellee was a stranger in Groesbeck, but secured some one to cash his check for $2, and boarded another one of appellant's trains in about one hour from the time he had been put off the first train for Ennis where he made the same connection for Quinlan that he would have made on the first train. Appellee is a banker and merchant of Quinlan and had been for a long time. He testified that he was put off the train like a common hobo; that the putting him off the train injured his nervous system, causing him to become sick and remain in bed for a day or so; and that he had not completely recovered from the injury to his nervous system to the date of trial. Appellee's evidence in respect to being nervous and sick was corroborated by evidence of other witnesses.

The case was submitted to a jury which returned a verdict for appellee for $500, and also, upon instructions from the court, the jury allowed appellee the extra fare paid which was $3.18, and judgment was entered for appellee in accordance with the verdict of the jury. From this judgment the appellant has duly prosecuted this appeal.

■ Appellant assigns as error the court's failure to submit to the jury in its charge the appellant's affirmative defense which, it is claimed, was both alleged and supported by evidence. The defense about which complaint is made as alleged by appellant is as follows: "Further answering, the defendant says that plaintiff had a ticket which from wear or other causes, either or both, had become so defaced as to become unintelligible to defendant's conductor in charge of train boarded by plaintiff."

The conductor testified that he refused to take the ticket because it was defaced. Just how or when the ticket was defaced or mutilated was neither alleged nor proven.

Our conclusion is that neither the pleadings nor evidence raised a defense to appellee's cause of action. The pleading and evidence would have had to go further and show that the ticket was defaced or mutilated through some fault of appellee. Koch v. New York City Ry. Co. (Sup.) 95 N. Y. S. 559; Houston & T. C. Ry. Co. v. Crone (Tex. Civ. App.) 37 S. W. 1074. It would seem from the case of Houston & T. C. Ry. Co. v. Crone, supra, that, even though appellee in this case presented the conductor a mutilated ticket, it was the duty of the conductor to accept the statement of appellee as to its validity until he found out that such statement was not true. In this case the evidence shows conclusively that the conductor refused to accept appellee's statement as to the validity of his ticket and that the conductor made no investigation whatever to see if the statement was true.

■ Appellant complains that the verdict is excessive. We have not undertaken to set out all the evidence, but it is our opinion that when it is all considered it is ample to support the jury's finding of damages in the sum of $500. There is evidence of humiliation, nervousness, and even sickness, for all of which appellee had a right to recover, and we would be authorized to set aside the verdict only when it is so large as to make it probable at least that it was a result of passion, and the amount allowed in this case, under the evidence, could not come within that rule. Chicago, R. I. & G. Ry. Co. v. Carroll (Tex. Civ. App.) 151 S. W. 1116.

The judgment of the trial court is affirmed.